**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**
_____

No. 00-30429
Summary Calendar
_____


CERTAIN UNDERWRITERS,
subscribing to Burke Daniels Policy Number BD-CJP-132,
Plaintiff - Appellee-Cross-Appellant,

VERSUS

COMMERCE AND INDUSTRY INSURANCE COMPANY, et al,
Defendants,

COMMERCE AND INDUSTRY INSURANCE COMPANY;
GULF SOUTH SYSTEMS, INC.,
Defendants - Appellants-Cross-Appellees.

---------------------------------------------

PANACO, INC.,
Plaintiff - Appellee-Cross-Appellant,

VERSUS

GULF SOUTH SYSTEMS, INC., et al,
Defendants,

GULF SOUTH SYSTEMS, INC.; COMMERCE AND INDUSTRY INSURANCE CO.,
Defendants - Appellants-Cross-Appellees.

---

Appeal from the United States District Court for
the Eastern District of Louisiana
(97-CV-491)

---

August 8, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[1]

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except

The Defendants challenge the judgment of the district court, arguing that the plaintiffs produced insufficient evidence to support the court's findings and conclusions reached after a bench trial on the issues of liability and damages.  We disagree and affirm for essentially the reasons stated in the district court's Findings of Fact and Conclusions of Law dated January 27, 2000.  Relying on the testimony of the Plaintiff's experts and independent supporting evidence, the district court did not clearly err in concluding that, more likely than not, the explosion and fire at Panaco's production facility were caused by the negligence or fault of Gulf South.  We give great deference to the credibility determinations reflected in those findings.  In addition, the district court's assessment of damages is well within the range of damage estimates presented at trial.  For this reason it is unnecessary to consider plaintiff's cross-appeal seeking an increase in the damage award.

AFFIRMED.

---

under the limited circumstances set forth in 5TH CIR. R. 47.5.4.